1. The defendant Nathan Barefoot was elected sheriff of said county for the term of two years, beginning on the first Monday of December, 1876, and ending on the first Monday in December, 1878, and the other defendants were his sureties on his renewed bond, executed and filed on 7 January, 1878.
2. On 4 March, 1878, an execution issued from the Superior (225) Court of said county, wherein L. C. Hubbard was plaintiff, and one John A. Hargrove was defendant, to the said sheriff, which was, in fact, returned by the sheriff to the Fall Term of said court, 1879, with his official action endorsed thereon; and, at October Term of said court, 1886, under leave of the court, obtained in an action brought by L. C. Hubbard and the relator G. W. Hobbs, against the said sheriff, for a false return endorsed on said execution, the sheriff amended his original return, and thereupon, at the instance of G. W. Hobbs, the then owner of the judgment on which the execution had issued, the amended return was adjudged insufficient in law, and it was adjudged by the said court, at May Term, 1887, that Hobbs recover of the said sheriff the sum of one hundred dollars for failure to make due return of said execution, and execution duly issued on said last judgment against said Nathan Barefoot, which was returned unsatisfied.
3. On said 4 March, 1878, another execution, wherein one John Boyette was plaintiff, and the said John A. Hargrove was defendant, issued from said court to said sheriff, and was, in fact, returned at the Fall Term of said court, 1879, with his official action endorsed thereon, which return was, at the February Term, 1888, of said court, amended, under leave of the court, obtained in an action for an alleged false return endorsed on said execution; and thereupon, at the instance of G. W. Hobbs, the then owner of the judgment on which said execution and *Page 184 
issued, the said amended return was adjudged insufficient in law, and that the said Hobbs recover of said sheriff the sum of one hundred dollars for failure to make due return of said execution, on which judgment and execution duly issued against Barefoot, which was also returned unsatisfied.
4. That, before said execution came into the hands of said sheriff, the homestead of the said John A. Hargrove had been duly set (226) apart and allotted to him, who thereafter sold the same to the relator G. W. Hobbs; and, under these and other executions in his hands for collection, the said sheriff, on 4 March, 1878, sold the interest of said Hargrove, who, before said sale, had conveyed the said homestead to said G. W. Hobbs, and who, after said sale, in May, 1880, brought an action against said sheriff for the illegal sale of said homestead, and, at February Term, 1888, obtained judgment for six hundred and twenty-five dollars, and interest from said time, and costs, on which judgment execution duly issued against said sheriff, and was returned unsatisfied.
5. That the defendant sureties were not parties to any of the proceedings against said sheriff.
6. That the action was begun 13 September, 1888.
7. That the amended return on said execution, in favor of L. C. Hubbard, was made on Saturday, 16 October, 1886.
8. That the amended return on said execution, in favor of John Boyette, was made on 27 February, 1888.
9. That the defendant N. Barefoot's office as sheriff expired on the first Monday of December, 1878, and he was re-elected for a term of two years, ending first Monday of December, 1880, when he retired from office, and has not since held the office.
Upon the foregoing facts, it was submitted to the court for judgment, whether or not the plaintiff's cause or causes of action are barred by the statute of limitations; and, upon consideration, his Honor was of opinion that the plaintiff was not entitled to recover, and that the action was barred by the statute of limitations — to which ruling the plaintiff excepted, upon the following grounds:
1. That the court held, in reference to the matters and things set out in the second paragraph of the complaint as a breach of said bond (being the same, in substance, as set out in paragraph second of above statement of facts), that the same was barred by the statute of (227) limitations, for that more than six years had elapsed from the execution of said bond to the commencement of this action. In this the plaintiff submits there is error, in that the statute did not begin *Page 185 
to run until undue return made of said execution, in October, 1886, less than two years before the commencement of this action.
2. That the court held, in reference to the matters and things set out in the third paragraph of the complaint as a breach of said bond (being in substance the same as set out in paragraph three of above statement of facts), that the same was barred by the statute of limitations, for that more than six years had elapsed from the execution of said bond and the commencement of this action. In this the plaintiff submits there is error, for that the statute did not run until undue return made of the execution therein recited, to-wit, February, 1888, less than one year before the commencement of this action.
3. That the court held, in reference to the matters and things set out in paragraph four of the complaint as a breach of said bond (being the same in substance as paragraph fourth of above statement of facts), that the same was barred by the statute of limitations, for that more than six years elapsed from the execution of said bond to the commencement of this action. In this the plaintiff submits there is error, for the statute did not begin to run until the judgment therein recited was rendered against the sheriff for damages for an illegal sale of said homestead, to-wit, February, 1888, less than one year before the commencement of this action.
(1) The unlawful sale of the homestead was made in 1878, and a judgment was rendered against the sheriff, by reason thereof, in 1888. No action was (228) ever brought on the official bond of the sheriff for any of the causes set in the complaint, except the present suit, which was commenced in September, 1888. The unlawful sale constituted a breach of the bond, and the relator could have sued upon the same at once under the Code, sec. 516. The statute was then put in motion, and more than six years having elapsed before the commencement of this action, his Honor very properly held that the cause of action was barred.
(2) It may be that the "undue returns" upon which the other two causes of action are founded, were so connected with the laying off of the homestead that they fall within the above section of the Code. In which case they would likewise be barred, as an action is there given directly against the sheriff and his sureties. But as this does not distinctly appear, we will consider these causes of action with reference to the Code, sec. 2076, which provides that "the sureties to a sheriff's bond shall be liable for all fines and amercements imposed on him in the *Page 186 
same manner as they are liable for other defaults in his official duty." No counsel appeared for the appellant in this Court, but we take it that he would have urged that the bond would not become liable until the fines or amercements were actually imposed. Suppose that this construction of the statute be conceded, it certainly could not save the relator unless he obtained his judgment, or, at least, brought his action against the sheriff within six years after the default.
In this case nine years elapsed after the "undue returns" were made before the judgments were rendered against the sheriff. There is no allegation as to when the suits were brought. If they were commenced within the six years, it was the duty of the relator to have shown it. Hussey v.Kirkman, 95 N.C. 63. This he failed to do; so, in any point of view, we hold that the causes of action are barred.
Affirmed.
Cited: Nunnery v. Averitt, 111 N.C. 395; Koonce v. Pelletier,115 N.C. 235; Graham v. O'Bryan, 120 N.C. 465; Parker v. Harden,121 N.C. 58; House v. Arnold, 122 N.C. 221.
(229)